|  |  |
|---|---|
| 3 | 233 |
| 30 | 596 |

## A. K. WORK *v.* THE STATE.

1. MISDEMEANORS — PRACTICE. — The action of the court below in a misdemeanor case will not be revised unless exceptions thereto were duly reserved by the proper bills of exception taken at the trial. Merely

noting an exception on the record will not suffice. And, if further instructions be desired, they must be asked at the trial.

2. SAME. — Trying a misdemeanor, the court below, in its charge to the jury, erroneously stated the punishment prescribed for the offense; but the jury, disregarding the charge, assessed against the accused the lowest penalty which might lawfully be imposed, and judgment was entered accordingly. *Held*, that there is no error to the prejudice of the accused.

3. VENUE. — To sustain a conviction on appeal, proof of the venue of the offense must appear in the record.

APPEAL from the County Court of Dallas.    Tried below before the Hon. R. H. WEST, County Judge.

The prosecution was for aggravated assault.

*J. G. Eblen*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.    The first, second, third, and fourth grounds of error set out in the appellant's assignment of errors call in question the correctness of the charge given by the court to the jury on the trial below.    In response thereto we need not do more than to say that we are neither authorized nor required to investigate the several propositions involved, in the absence of anything in the record to show either that the accused took a bill of exceptions at the time to the charge given, or asked of the court additional instructions.

Mr. Associate Justice Reeves, in delivering the opinion of the Supreme Court in *Mooring* v. *The State*, 42 Texas, 86, where the subject presented was almost identical with the one here to be considered, said : " The rule is well settled in such cases.    In misdemeanors the defendant must except to the action of the court at the time of the trial, if he is not satisfied ; and, if not excepted to, it will not be revised by this court, as regards objections of the character complained of in this case.    If the law as applicable to the case

is given in charge to the jury, and further instructions are desired, the court must be asked to give them at the time of the trial.''

This ruling is based upon article 602 of the Code of Criminal Procedure (Pasc. Dig., art. 3067), and has been observed uniformly by this court in cases below felony, and must be adhered to. *Browning* v. *The State*, 1 Texas Ct. App. 96; *Porter* v. *The State*, 1 Texas Ct. App. 477; *Campbell* v. *The State, ante*, p. 33. It will not fill the requirements of the law to simply note an exception on the record. A regular bill of exceptions should be taken, and be set out, on appeal, in the transcript. *Scott* v. *The State*, 25 Texas (Supp.), 168 (Pasc. Dig., art. 3068).

The judge, in his charge to the jury as copied in the transcript, erred in instructing the jury as to the punishment for an aggravated assault, by charging the jury that, in case they found the defendant guilty, they should assess his punishment at a fine of *not less than $1,000*, and in addition thereto might impose imprisonment in the county jail not exceeding *one* year; whereas the punishment prescribed by the Code is a fine of *not less than $100* nor more than *$1,000*, to which the jury may add imprisonment in the county jail not exceeding *two* years. Penal Code, art. 491 (Pasc. Dig., art. 2153).

The charge as given, if correctly transcribed, seems to have been totally disregarded by both the jury and the court. The verdict of the jury fixed the fine at $100, and the court caused a judgment to be entered for the same amount, and refused a new trial.

However this may be, whilst the charge given was not the law as to the punishment for an aggravated assault, still, if the charge had been excepted to and a regular bill of exceptions taken, we would not feel warranted in disturbing the verdict on this account, and for the reason that no other grade of offense was submitted, and they were required by

the charge to either convict of that offense or acquit entirely; so that the jury must have intended to convict of an aggravated assault, and, having imposed the *minimum* punishment, he ought not to be heard to complain, if indeed he was guilty. *Treadway* v. *The State*, 1 Texas Ct. App. 668.

We are of opinion, however, that a new trial should have been granted on the third ground set out in the motion, to wit, because the verdict is contrary to the law and the evidence. Besides the absence of any proof of *venue*, which this court has uniformly held to be fatal to a conviction, and which would require a reversal, we are of the opinion the general evidence adduced on the trial tends rather to show that the accused acted in self-defense than as an aggressor. The court erred in refusing the accused a new trial, and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*